**32 P.(2d) 1020**

## ODENBAUGH v. EL PASO REFINING CO. et al.

### No. 3868.

Supreme Court of New Mexico.

April 24, 1934.

Rehearing Denied June 11, 1934.

J. W. Chapman, of Santa Fe, for appellant.

Lytton R. Taylor, Paul D. Thomas, and William Flournoy, all of El Paso, Tex., for appellees.

ZINN, Justice.

Appellant purchased a tax sale certificate from the county and in due time obtained a tax deed for the property, and brought this suit to quiet title. At the trial, the appellant introduced the tax deed. Not content with its prima facie effect, he also introduced the proceedings in the statutory suit to adjudicate the tax liens and to foreclose which resulted in the tax deed. The proceedings were under Laws 1921, ch. 133, for taxes delinquent on the property here in litigation for the year 1924.

The appellee defended below and here contends that the entire tax suit is void because the summons in the suit to adjudicate the tax liens and to foreclose the same by

sale on its face conclusively proves that it was issued before the commencement of the suit. Appellee urges strongly that the court never acquired jurisdiction over the property in the tax suit. On this theory the trial court dismissed the complaint as to the El Paso Refining Company and Will T. Owen, from which judgment this appeal is prosecuted.

It appears from the record that the summons prepared by the clerk was dated August 10, 1925, whereas, the complaint was filed August 18, 1925. The record also shows that service of the summons was by publication. The first publication was on August 20, 1925, two days after the complaint was filed, and the last publication on September 3, 1925. The return day as fixed and inserted in the summons as published was September 28, 1925.

Laws 1921, ch. 133, § 423, vests jurisdiction in the court upon the filing of a complaint in the district court, and " * * * the service of the summons as hereinafter provided. * * *" When this is done, the court acquires " * * * full and complete jurisdiction over the property. * * *" Section 426 provides that the clerk of the district court shall serve the summons by causing a copy of it to be published once each week for two consecutive weeks, in some newspaper of general circulation in the county. Proof of such service is to be made by the affidavit of the publisher of the newspaper, and filed in the cause. Section 425 provides that the return day shall be fixed and inserted in the summons as of any day between the twentieth and thirtieth day after the last publication.

Such being the statutory procedure by which the court is vested with jurisdiction over the property, we see no good reason to hold that the surplus insertion, whether correct or not, of a purported date of the issuance of the summons invalidates the entire proceeding. The date of the issuance of the summons is no part of the summons as required by section 424.

It is sufficient here that the first publication of the summons, as appears from the proof of service made by the affidavit of the publisher, was on the second day after the complaint was filed. The last publication was on September 3, 1925. The return day as fixed and inserted in the summons was September 28, 1925, which was not less than twenty nor more than thirty days after the last day of publication. This complies with the pertinent provisions of chapter 133, §§ 423, 425, and 426. The complaint was filed and service was had in substantial compliance with the statute to invest the court with jurisdiction over the property.

We conclude that the trial court erred in holding the tax deed void on the grounds urged by the appellees. Appellees' defense in the suit to quiet title should have been overruled. The judgment will accordingly be reversed and the cause remanded.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.